# Brown v. Pennsylvania Railroad Co., Appellant.

*Railroads—Carriers—Rates—Live stock contract—Certificate as
to weight.*

Where a live stock shipping contract sets forth the "actual
weight" of each shipment, and a charge is based on this rate, and
it is subsequently found that the railroad company had collected for
more pounds of freight than was shipped, the shipper may recover
the excess and the company cannot defend merely because the
shipper had not given the certificate provided for in the schedule
of rates filed with the Interstate Commerce Commission.

Such an action in no way challenges the reasonableness of the
regulation, schedule or tariff referred to, but such provision requires
a reasonable construction.   There is no specified form or set of
words necessary to convey the information that is wanted, and if
such information may be obtained by an examination of the
papers connected with the shipment, the shipping contract or the
manifest, there would be a substantial compliance with this rule or
tariff.

Argued Nov. 14, 1916.   Appeal, No. 37, Oct. T., 1916,
by defendant, from order of C.P. Lancaster Co.,April T.,
1915, No. 12, making absolute rule for judgment for want
of a sufficient affidavit of defense in case of Frank Brown
v. The Pennsylvania Railroad Company.   Before OR-
LADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREX-
LER and WILLIAMS, JJ.   Affirmed.

Assumpsit to recover excess freight charges.   Before
LANDIS, P. J.

484    ·BROWN *v.* PENNA. R. R. CO., Appellant.

Assignment of Error—Opinion· of the Court. [66 Pa. Superior Ct.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Superior Court states the case.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*John A. Nauman,* for appellant, cited: Texas & Pacific Ry. Co. v. Mugg, 202 U. S. 242; Ill. Cent. R. R. Co. v. Henderson Elevator Co., 226 U. S. 441; Penna. R. R. Co. v. Crutchfield, 55 Pa. Superior Ct. 346.

*Charles W. Eaby,* for appellee.

OPINION BY KEPHART, J., March 13, 1917:

Plaintiff shipped from certain stations in Missouri six cars of mules, mule colts and horses to Lancaster County. When the animals were received at the point of shipment, live stock contracts were executed between the receiving company and the consignor, which set forth the "actual weight" of each shipment. The freight charge was based on this weight, and the stock accepted for shipment. They reached the defendant's lines at East St. Louis. The defendant's schedule filed with the Interstate Commerce Commission provides: "Shippers must certify that the weight of each colt, pony, light-weight ranch horse or mule does not exceed seven hundred and fifty pounds; in the event that the shipper does not so certify, each colt, pony, light-weight ranch horse or mule will be charged for at the rate of eleven hundred pounds per animal." When the shipments reached their destination, and the defendant found no certificate that it deemed sufficient to meet this rule, it caused the transportation charges to be made as therein required, and collected from the plaintiff, before delivery, the sum of money which is now sued for. The plaintiff avers in his statement that the weights specified in the contract were the actual and correct weights of the animals, and there

is no specific denial of this fact, but the defendant stands
solely on the fact that the plaintiff failed to furnish a
certificate as required by this rule, or rate.    If this posi-
tion is correct, the defendant was required, under Sec-
tion 6 of the Interstate Commerce Act, to charge accord-
ing to the tariff filed and in force.    This action in no way
challenges the reasonableness of the regulation, schedule
or tariff referred to, but such provision requires a rea-
sonable construction.    There is no specified form or set
of words necessary to convey the information that is
wanted, and if such information may be obtained by an
examination of the papers connected with the shipment,
the shipping contract or the manifest, there would be a
substantial compliance with this rule or tariff.    The con-
tracts give the number of animals shipped and the total
weight of each shipment.    It would be an easy matter to
ascertain the average weight, where that is the basis of
charge.    The purpose of this tariff is no doubt to secure
correct weights, but when that is given, this rule should
not be used, through a technical construction, as a means
of enforcing what would be a penalty on the shipper.
The rule having been complied with and the company
having collected for more pounds of freight than was
shipped, the plaintiff is entitled to recover.

The judgment is affirmed.